**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MOS EISLEY, LLC d/b/a LOVERBOY, | Civil Action No. _____ |
| Plaintiff, |  |
| v. | **COMPLAINT** |
| LOVERBOY, INC. and KYLE COOKE, |  |
| Defendants. | **JURY DEMAND** |

Plaintiff, MOS EISLEY, LLC d/b/a LOVERBOY, for its complaint, by and through its attorneys, alleges as follows:

## NATURE OF ACTION

1.      This is an action for violation of Sections 32 and 43 (a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125; for violation of the common law of the State of New York pertaining to unfair competition; and for violation of Section 360-1 of the New York General Business Law.

## THE PARTIES

2.      Plaintiff, MOS EISLEY, LLC is a limited liability company organized and existing under the laws of the State of New York and doing business as LOVERBOY, having its principal place of business located at 127 Avenue C, New York, New York 10009 (referred to herein as "Plaintiff").

3.      Upon information and belief, Defendant, LOVERBOY, INC. ("Defendant Loverboy"), is a Delaware corporation having its principal place of business located at 102 Fulton Street, #5E, New York, New York 10038.

4.     Upon information and belief, Defendant, KYLE COOKE ("Cooke" and Cooke and Defendant Loverboy referred to collectively herein as "Defendants"), is an individual residing at 102 Fulton Street, #5E, New York, New York 10038 within this judicial district.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over Plaintiff's federal claims and the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. § 1121.  In addition, this Court has pendent jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.     Upon information and belief, this Court has personal jurisdiction over Defendants in that Defendant Loverboy is a registered corporation in New York and Defendants do business in the State of New York and in this District and engage in a persistent course of conduct in New York and in this District and expect, or should expect, their acts to have legal consequences within New York and this District.

7.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 in that a substantial part of the ongoing events giving rise to the claims set forth herein occurred in this judicial district and Defendant is subject to personal jurisdiction within this judicial district.

## FACTS COMMON TO ALL COUNTS

8.     Plaintiff is the exclusive owner throughout the United States of the following federally registered LOVERBOY mark and common law rights thereto (collectively, the "LOVERBOY Mark"):

| Registration Number | Registration Date | Mark |
|---|---|---|
| 5,313,717 | October 13, 2017 | LOVERBOY |

9.     U.S. Registration No. 5,313,717 for the LOVERBOY Mark is valid, subsisting, unrevoked, uncancelled, enforceable and covers "Cocktail lounge services; Bar services; Restaurant services; Catering services; and Restaurants featuring home delivery" in International Class 43 (collectively, the "LOVERBOY Services").  Attached hereto and incorporated herein by reference as Exhibit A is a true and accurate copy of Plaintiff's U.S. Registration No. 5,313,717 for the LOVERBOY Mark.

10.     Plaintiff has been continuously making commercial use of its LOVERBOY Mark in connection with the LOVERBOY Services since first opening its LOVERBOY cocktail bar and lounge located in New York City on June 22, 2017 (the "LOVERBOY Cocktail Bar"), which includes the creation, marketing and sale of original craft cocktails, prepared cocktails on draft and prepared "to-go" cocktails to consumers under the LOVERBOY Mark.

11.     Since opening in 2017 the LOVERBOY Cocktail Bar has generated millions of dollars in revenue and garnered extensive renown as a preeminent cocktail destination due to its innovative craft cocktail creations and offerings, its world-class staff of bartenders and its much lauded LOVERBOY Services, which have made Plaintiff's LOVERBOY Mark and its LOVERBOY brand extremely well known throughout the cocktail industry and amongst consumers in New York City and throughout the United States and includes being featured in a story by The New Yorker and being named among "The Most Notable New Cocktail Bars in America, Spring/Summer 2017" by the James Beard award-winning magazine PUNCH.  Attached hereto and incoporated herein by reference as Exhibit B are representative examples of articles featuring the LOVERBOY Cocktail Bar that have

appeared in widely circulated publications such as The New Yorker, Eater, PUNCH and Grub Street.

12.     On January 1, 2020, Plaintiff initiated an Opposition Proceeding before the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board (the "TTAB") against an "intent-to-use" based application filed by Defendant Loverboy to register the identical LOVERBOY mark in connection with, *inter alia*, prepared alcoholic cocktails and other alcoholic beverages ("Defendant's Application").[1]

13.     Upon information and belief, Defendants are currently marketing, selling and distributing prepared alcoholic cocktails, prepared craft cocktails and/or other alcoholic beverages bearing the identical LOVERBOY mark (the "Infringing Products") in commerce to the same consumers and through the same channels of trade that Plaintiff markets and sells its LOVERBOY Services and cocktails under the LOVERBOY Mark in violation of Plaintiff's exclusive nation-wide rights in the LOVERBOY Mark (the "Infringing Conduct").

14.     Upon information and belief, in addition to marketing, selling and distributing the Infringing Products through wholesale and retail channels of trade, as well as the www.drinkloverboy.com website, Defendants are also marketing, selling and distributing the Infringing Products to bars, cocktail bars and restaurants, including establishments that are in direct competition with the LOVERBOY Cocktail Bar, and the Infringing Products are, in turn, being marketed and sold to consumers by and in said bars, cocktail bars and restaurants.

15.     Upon information and belief, the Infringing Conduct also encompasses Defendants' marketing of the Infringing Products through social media platforms, "pop-up"

[1] Plaintiff is simultaneously filing a motion with the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board to suspend the Opposition Proceeding pending the outcome of the present civil action.

events taking pace in bars and restaurants and a television show airing on the Bravo Television Network entitled Summer House, which features Defendants.

16.    Upon information and belief, the Infringing Conduct is taking place in New York State, including in this judicial district, and has now expanded to other areas of the United States outside of New York State.

17.    Upon information and belief, Cooke is the founder and CEO of Defendant Loverboy.

18.    Upon information and belief, Defendant and its founder and CEO, Cooke, were both well aware of the LOVERBOY Cocktail Bar and Plaintiff's exclusive nationwide rights in the LOVERBOY Mark prior to commencing the Infringing Conduct.

19.    Upon information and belief, Cooke is the primary decision maker, for Defendant Loverboy and the active and conscious force for Defendant Loverboy's decision to adopt the infringing LOVERBOY Mark and for Defendant's Infringing Conduct.

20.    Despite Plaintiff's prior trademark registration and extensive use of the LOVERBOY Mark, Defendants chose to adopt a mark that is identical to and likely to be confused with the LOVERBOY Mark and to use the identical mark in connection with alcoholic beverage products that consumers would expect to find offered for sale at Plaintiff's LOVERBOY establishment.

21.    Upon information and belief, Defendants have knowingly and willfully engaged in the Infringing Conduct in a calculated effort to trade off of the good will, reputation and exclusive rights that Plaintiff has established in the LOVERBOY Mark.

22.    Defendants' studied attempts to capitalize on the goodwill inherent in Plaintiff's LOVERBOY Mark include, but are not limited to, the use of stylized fonts and color

schemes (below right) similar to Plaintiff's own logotypes and colors, which Plaintiff adopted in connection with Plaintiff's LOVERBOY Mark long prior to Defendants' commencement of their Infringing Conduct.  Set forth immediately below is a side-by-side comparison depicting examples of Plaintiff's commercial usage of the LOVERBOY Mark (below left) and Defendants' Infringing Products (below right).

**Plaintiff**                                        **Defendants**



      23.     Upon information and belief, Defendants' Infringing Conduct has caused actual confusion amongst consumers as to the source of the Infringing Products and such actual confusion is continuing to take place amongst consumers to date, resulting in consumers falsely believing that the Infringing Products are manufactured, approved, sponsored, endorsed,

developed, or licensed by, or are in some way affiliated with Plaintiff and/or Plaintiff's

LOVERBOY Cocktail Bar.

24.     Plaintiff has no adequate remedy at law for Defendants' misconduct.

Unless Defendants are enjoined and restrained from continuing its infringement, consumers will

continue to be confused and Plaintiff's injuries will continue to occur.

### FIRST CAUSE OF ACTION
(Registered Trademark Infringement)

25.     Plaintiff repeats and incorporates herein by reference each and every one

of the averments contained in paragraphs 1 through 24, inclusive, of this complaint with the

same force and effect as if hereinagain set forth in detail.

26.     Plaintiff owns all right, title and interest in the LOVERBOY Mark, which

it has used continuously in commerce since 2017.

27.     Plaintiff has never authorized Defendants to market and/or sell prepared

alcoholic cocktails and/or other alcoholic beverages bearing the LOVERBOY Mark.

28.     Upon information and belief, Defendants' acts have been done willfully

and intentionally with full knowledge of Plaintiff's prior rights in the LOVERBOY Mark.

29.     Defendants have marketed and sold goods bearing the LOVERBOY Mark

with the intent to cause confusion and mistake, to deceive and mislead the purchasing public and

to unlawfully misappropriate Plaintiff's valuable rights in the LOVERBOY Mark.

30.     Through all of the conduct alleged herein, Defendants' unauthorized use

in commerce of the LOVERBOY Mark infringes Plaintiff's rights in the mark and violates 15

U.S.C. § 1114 because it renders Defendant's products confusingly similar to Plaintiff's genuine

LOVERBOY Mark and Plaintiff's services and goods purveyed at Plaintiff's LOVERBOY

establishment.   Defendants' unauthorized use of the LOVERBOY Mark creates the erroneous

impression in consumers' minds that Defendants' LOVERBOY products have been manufactured, approved, sponsored, endorsed, developed, or are licensed by, or are in some way affiliated with Plaintiff and the LOVERBOY Mark.

31.     Plaintiff has no adequate remedy at law and is suffering irreperable harm and damages as a result of the wrongful acts of Defendants in an amount to be determined at trial.

32.     All of Defendants' aformentioned acts are "exceptional" and entitle Plaintiff to treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

**SECOND CAUSE OF ACTION**
(*False Designation of Origin*)

33.     Plaintiff repeats and incorporates herein by reference each and every one of the averments contained in paragraphs 1 through 32, inclusive, of this complaint with the same force and effect as if hereinagain set forth in detail.

34.     Defendants' manufacture, promotion, distribution, offering for sale and sale of the Infringing Products, together with Defendants' marketing and use of other indicia to associate themselves with Plaitniff is intended to confuse, mislead, or deceive consumers, the public, and the trade, as to the true origin, source, sponsorship, or affiliation of the Infringing Products, and is likely to cause such parties to believe in error that the Infringing Products have been manufactured, approved, sponsored, endorsed, developed, or are licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff.

35.     Plaintiff has been and is likely to continue to be damaged by false descriptions or representations because of the likelihood that purchasers will be confused as to the true source, sponsorship, or affiliation of said products, and because the continued sale of the Infringing Products diminishes the goodwill inherent in the LOVERBOY Mark.

36.     All of Defendants' conduct constitutes a false designation of origin, false and misleading descriptions and representations of fact, and unfair competition, all in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a).

37.     Plaintiff has no adequate remedy at law and is suffering irreperable harm and damages as a result of the wrongful acts of Defendants in an amount to be determined at trial.

38.     All of Defendants' aformentioned acts are "exceptional" and entitle Plaintiff to treble damages and attorney's fees pursuant to 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION
(Unfair Competition)

39.     Plaintiff repeats and incorporates herein by reference each and every one of the averments contained in paragraphs 1 through 38, inclusive, of this complaint with the same force and effect as if hereinagain set forth in detail.

40.     As a result of Defendants' Infringing Conduct, consumers of alcoholic cocktails and/or other alcoholic beverages are likely to purchase the Infringing Products with the erroneous belief that they are authorized by and/or somehow affiliated with Plaintiff and/or Plaintiff's LOVERBOY Cocktail Bar.

41.     Upon information and belief, Defendants have intentionally misappropriated the LOVERBOY Mark with the goal of causing confusion, mistake and deception amongst consumers and the cocktail trade as to the source of the Infringing Products and with the intent to profit from Plaintiff's goodwill.

42.     As a result of the foregoing, Defendants' actions constitute unfair competition that have had and will continue to have a detrimental effect of the general consuming public in violation of the common law of the State of New York.

43.     Plaintiff has no adequate remedy at law and is suffering irreperable harm and damages as a result of the wrongful acts of Defendants in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
(Injury to Business Reputation and Dilution)

44.     Plaintiff repeats and incorporates herein by reference each and every one of the averments contained in paragraphs 1 through 43, inclusive, of this complaint with the same force and effect as if hereinagain set forth in detail.

45.     The practices and acts of Defendants set forth above, are likely to dilute the distinctive quality of Plaintiff's LOVERBOY Mark in violation of Section 360-1 of the New York General Business Law.

46.     These acts of Defendants are without the permission, license or consent of Plaintiff and, unless enjoined by this Court, Defendants will continue these practices and acts, thereby harming Plaintiff's business reputation and causing Plaintiff immediate and irreparable injury.

47.     Plaintiff has no adequate remedy at law and is suffering irreperable harm and damages as a result of the wrongful acts of Defendants in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in its favor against Defendants and each of them as follows:

A.     An injunction permanently enjoining and restraining Defendants, their directors, officers, agents, servants, employees, successors, assigns, subsidiaries, related

companies, parent companies, licensees and all persons in active concert of participation with them:

1.      From producing, marketing, selling or distributing alcoholic cocktails and/or other beverage products bearing the mark LOVERBOY or any confusingly similar variation(s) thereof;

2.      From passing off or otherwise representing to consumers, cocktail bar owners/employees, the cocktail industry or the public that any product marketed, sold and/or distributed by Defendant emanates from, is related in source or sponsorship to, or is in any way related to Plaintiff or the LOVERBOY Cocktail Bar;

3.      From injuring Plaintiff's business reputation by diluting the distinctive quality of Plaintiff's services and products; and

4.      From engaging in deceptive trade practices or acts in the conduct of Defendants' business by means of selling products bearing Plaintiff's LOVERBOY Mark;

B.      Directing Defendants to deliver to Plaintiff or to destroy all prepared alcoholic cocktails and/or other beverage products and any related marketing and/or promotional materials and merchandise in its possession bearing the LOVERBOY Mark and/or any confusingly similar variation(s) thereof;

C.      Directing Defendants to remove all references to any prepared alcoholic cocktails and/or other beverage products that bear the LOVERBOY Mark and/or any confusingly similar variation(s) thereof contained in any advertising and/or marketing materials published by Defendants, including any and all social media posts and any marketing that has taken place in the form of product placement appearing in any television program(s);

D.      Directing the internet service provider hosting Defendants' website to disable such website until such time as Defendants have removed all references to the Inringing Products from its website;

E.      Directing Defendants to account to Plaintiff for all profits resulting from Defendants' infringing activities;

F.      Awarding Plaintiff its damages from Defendants' unlawful and wrongful acts;

G.      Awarding Plaintiff three (3) times the amount of Plaintiff's damages or Defendants' profits, whichever is greater;

H.      Directing the Commissioner of the USPTO to uphold Plaintiff's Opposition and/or finally refuse registration of Defendant Loverboy's Application.

I.      Awarding Plaintiff the cost and expenses incurred in connection with this action, as well as its reasonable attorneys' fees;

J.      Awarding Plaintiff such other and further relief as the Court may deem just and proper; and

K.      A jury is hereby demanded.

Dated: September 16, 2020          **DAHAN | PAMPALONE**
        Pleasantville, New York

                                   By:_____s/David M. Dahan/_____
                                        David M. Dahan (DD-5864)
                                        Michael Pampalone III (MP-1474)
                                        158 Grand Street
                                        White Plains, New York  10601
                                        Telephone:   (914) 269-8231
                                                     (718) 388-0912
                                        Email:  david@dahanpampalone.com
                                             michael@dahanpampalone.com

                                   Attorneys for Plaintiff